IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

BRENDA K. BURGESS,        )
                          )
        Plaintiff,        )
                          )
    v.                    )   Case No.
                          )   10-0223-CV-S-REL-SSA
MICHAEL ASTRUE, Commissioner )
of Social Security,       )
                          )
        Defendant.        )

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the court is a motion to dismiss filed by defendant on July 12, 2010, on the ground that plaintiff failed to file her complaint in federal court within 60 days of receiving notice of the Appeals Council's denial of plaintiff's request for review. For the following reasons, the motion to dismiss will be granted.

## *I. BACKGROUND*

Plaintiff filed two applications for Social Security benefits, one under Title II and one under Title XVI. Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of Social Security under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under § 205.

Plaintiff's applications were denied; and after an administrative hearing, an Administrative Law Judge found on July 23, 2002, that plaintiff was not disabled. On September 27, 2002, the Appeals Council denied plaintiff's request for review.

On March 8, 2010, plaintiff filed a complaint in federal district court seeking a review of the Commissioner's decision.

## II.  *MOTION TO DISMISS*

The United States, as a sovereign, is immune from suit save as it consents to be sued; and the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit.  Hercules, Inc. v. United States, 516 U.S. 417, 422 (1996); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586-87 (1941).

Section 405(g) of the Social Security Act states as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the commissioner of Social Security may allow.

The Social Security regulations are more lenient, providing that a civil action must be commenced within sixty days after notice of the Appeals Council decision "is received by the individual."  20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.981, 416.1481 ("You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's decision."); Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003).  However, the receipt of notice of the Appeals Council's decision is presumed to be five days after the date of the notice, unless there is a reasonable showing to the contrary;

2

and notice sent to the individual's representative has the same force and effect as notice sent to the individual. 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.901, 416,1401 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."); 20 C.F.R. §§ 404.1715(b), 416-1515(b) ("A notice or request sent to your representative, will have the same force and effect as if it had been sent to you.")

A claimant can rebut the presumption that he received notice five days after it was mailed by making a "reasonable showing to the contrary" that he did not receive such notice within five days. 20 C.F.R. § 422.210(c). An affidavit by the claimant is insufficient -- and an affidavit by the claimant's attorney is insufficient -- to rebut the presumption that notice was received. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Roberts v. Shalala, 848 F. Supp.1008, 1012 (M.D. Ga. 1994). If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. Matsibekker v. Heckler, 738 F.2d 79, 81 (2nd Cir. 1984).

In this case, defendant submitted a declaration of Patrick J. Herbst, the person at SSA who is responsible for processing disability claims filed in Missouri. Mr. Herbst stated that the Appeals Council denied plaintiff's request for review on

3

September 27, 2002. All of the documents attached to the declaration show the address for plaintiff and the address for her attorney at that time. Mr. Herbst stated that those are the addresses that were used to mail the notices to plaintiff and her representative, J.D. Rohrer. Plaintiff does not allege that either address is incorrect. The material submitted by the defendant in support of its motion to dismiss is sufficient to trigger the presumption that notice was received by plaintiff herself and her attorney five days after the date of the decision. Roberts v. Shalala, 848 F. Supp. at 1015.

Plaintiff claims that she did not receive a copy of the notice; however, as mentioned above, a denial by a claimant is insufficient to rebut the presumption. In addition, plaintiff never alleges that her attorney did not receive a copy of the notice -- she merely states that she obtained a new attorney that December (which would have been several months after her original attorney received the notice) and that she did not receive word from her first attorney that her request for review had been denied. Again, plaintiff's denial is not enough to overcome the presumption that her attorney received the notice. Plaintiff does not provide any evidence from her former attorney that he did not receive the notice.

All of the letters written by plaintiff's new attorney inquiring about the status of her case are irrelevant.

Plaintiff's new attorney began his correspondence with the Appeals Council by submitting a one-page medical record dated October 5, 2001, as additional evidence. That was followed by multiple other one-line letters indicating that he was submitting additional evidence. On January 17, 2006 (three and a half years after the request for review) plaintiff's new attorney wrote a letter inquiring about the status of plaintiff's case. That was followed by multiple other letters over the next year inquiring about the status of the case. The last letter was dated February 2, 2007. Plaintiff's district court case was not filed until March 8, 2010.

Based on this information, I find that the presumption that notice was received five days after it was mailed applies and has not been rebutted as there is neither an allegation nor any evidence that plaintiff's attorney of record did not receive notice of the denial of plaintiff's request for review, and because the only evidence that plaintiff did not receive the notice is her denial which is legally insufficient.

### III. CONCLUSION

Because (1) plaintiff was required to initiate a civil action within sixty days of receipt of the notice of the Commissioner's final decision, (2) plaintiff has not rebutted the presumption that notice was received by her five days after the date of the decision, (3) there is no allegation that plaintiff's

5

attorney of record at the time did not receive notice of the decision, (4) plaintiff obtained a new attorney after the time for filing a civil action had expired, and (5) there are no circumstances justifying equitable tolling of the 60-day requirement, it is

ORDERED that defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.

                                                  /s/ Robert E. Larsen
                                                  ROBERT E. LARSEN
                                                  United States Magistrate Judge

Kansas City, Missouri
November 29, 2010